UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EDLEY GAYLE,<br><br>        Plaintiff,<br><br>vs.<br><br>NATIONAL RAILROAD PASSENGER CORP., T.C. JOHNSON COMPANY, TRANSPORTATION RESOURCES INC., MITCHELL EQUIPMENT CORPORATION, CRESCENT CONTRACTING, INC., STV INCORPORATED, HATCH MOTT MACDONALD, INCORPORATED STV/HMM, TEREX CORPORATION, KOEHRING CRANES, INC. dba TEREX CRANES WAVERLY TEREX CRANES, INC., and ATLANTIC CRANE INSPECTION SERVICES INC.<br><br>        Defendants. | Civil Action No.: 06 Civ 6956 (PAC)(GWG)<br><br>ECF CASE<br><br>Related Cases:<br>06-Civ-6195<br>06-Civ-6196 |

### DECLARATION OF RICHARD E. SNYDER, ESQ. IN SUPPORT OF ATLANTIC CRANE'S MOTION FOR SUMMARY JUDGMENT

I hereby declare under penalty of perjury pursuant to 28 U.S.C. § 1746 as follows:

1. I am an attorney admitted to practice in the Sate of New Jersey, am admitted *pro hac vice* in these actions, and am a partner in the firm of Morgan Melhuish Abrutyn attorneys for defendant, Atlantic Crane Inspection Services, Inc. ("Atlantic").

2. I respectfully submit this Declaration and the accompanying Memorandum of Law and Rule 56.1 Statement of Undisputed Facts in support of defendant's motion for summary judgment dismissing all claims.

3. Attached hereto as Exhibit 1 are true and correct copies of excerpts from the August 11, 200 5 Deposition of Louis Cevasco.

4. Attached hereto as Exhibit 2 are true and correct copies of excerpts from the January 16, 2007 Deposition of Jugal K. Sood.

5. Attached hereto as Exhibit 3 are true and correct copies of excerpts from the February 1, 2007 Deposition of Edley Gayle.

6. Attached hereto as Exhibit 4 are true and correct copies of excerpts from the January 19, 2007 Deposition of Joseph Adornetti.

7. Attached hereto as Exhibit 5 are true and correct copies of excerpts from the January 17, 2007 Deposition of Girolamo Vitale.

8. Attached hereto as Exhibit 6 are true and correct copies of relevant portions of the contract between Amtrak and Crescent Contracting entered into on or about November 7, 2002.

9. Attached hereto as Exhibit 7 are true and correct copies of relevant portions of the contract between Amtrak and STV/HMM entered into on or about December 11, 2001.

10. Attached hereto as Exhibit 8 are true and correct copies of excerpts from the August 14, 2007 Deposition of David W. Zwolinski.

11. Attached hereto as Exhibit 9 are true and correct copies of excerpts from the January 4, 2007 Deposition of Rutheran Gray.

12. Attached hereto as Exhibit 10 are true and correct copies of excerpts from the March 4, 2007 Deposition of Brian Earp.

13. Attached hereto as Exhibit 11 are true and correct copies of excerpts from the December 11, 2006 Deposition of Howard Carter, Jr.

14. Attached hereto as Exhibit 12 are true and correct copies of excerpts from the October 16, 2007 Deposition of David Rollins.

15. Attached hereto as Exhibit 13 are true and correct copies of excerpts from the December 18, 2007 Deposition of Patrick Colliere.

16. Attached hereto as Exhibit 14 are true and correct copies of excerpts from the September 15, 2008 Deposition of Joseph J. Vanderbosch.

17. Attached hereto as Exhibit 15 are true and correct copies of relevant portions of the specifications for the purchase of the RT230 crane by Amtrak.

18. Attached hereto as Exhibit 16 are true and correct copies of relevant portions of the contract for purchase of the RT230 crane by Amtrak.

19. Attached hereto as Exhibit 17 are true and correct copies of excerpts from the January 17, 2008 Deposition of Estel Lovitt.

20. Attached hereto as Exhibit 18 are true and correct copies of excerpts from the March 7, 2008 Deposition of Clarence Hottenstein.

21. Attached hereto as Exhibit 19 are true and correct copies of a form of purchase order between Amtrak and Atlantic Crane for inspections.

22. Attached hereto as Exhibit 20 are true and correct copies of excerpts from the April 11, 2007 Deposition of William Hottenstein.

23. Attached hereto as Exhibit 21 are true and correct copies of excerpts from the February 12, 2007 Deposition of Robert Tripp.

24. Attached hereto as Exhibit 22 are true and correct copies of excerpts from the December 12, 2006 Deposition of Daniel Peveraro.

25. Attached hereto as Exhibit 23 are true and correct copies of excerpts from the September 11, 2007 Deposition of Charles McMahon.

26. Attached hereto as Exhibit 24 are true and correct copies of excerpts from the March 20, 2007 Deposition of Daniel Peveraro.

27. Attached hereto as Exhibit 25 are true and correct copies of excerpts from the May 15, 2007 Deposition of Christopher Shearer.

28. Attached hereto as Exhibit 26 are true and correct copies of some of the inspection reports of Atlantic Crane.

29. Attached hereto as Exhibit 27 are true and correct copies of excerpts of the December 12, 2007 deposition of Charles McMahon.

30. Attached hereto as Exhibit 28 are true and correct copies of the expert report of Mark Lawrence.

31. Attached hereto as Exhibit 29 are true and correct copies of repair records of A-1 Crane.

32. Attached hereto as Exhibit 30 are true and correct copies of excerpts from the October 16, 2007 Deposition of David Rollins.

33. Attached hereto as Exhibit 31 are true and correct copies of excerpts from the May 28, 2008 Deposition of David Rollins.

34. Attached hereto as Exhibit 32 are true and correct copies of excerpts from the March 1, 2007 Deposition of Brian Earp.

35. Attached hereto as Exhibit 33 are true and correct copies of excerpts from the August 14, 2007 Deposition of David W. Zwolinski.

36. Attached hereto as Exhibit 34 is a true and correct copy of the December 3, 2008 expert report of Fredrick D. Norvelle (exclusive of attachments).

37. Attached hereto as Exhibit 35 is a true and correct copy of the expert report of Thomas G. Bertenshaw, December 4, 2008 (exclusive of attachments).

38. Attached hereto as Exhibit 36 is a true and correct copy of the expert report of John Z. Walascinski, January 9, 2009.

39. Attached hereto as Exhibit 37 is a true and correct copy of the expert report of Salvatore C. Malguarnera, dated December 8, 2008.

40. Attached hereto as Exhibit 38 is a true and correct copy of the expert report of Packer Engineering, January 9, 200 (exclusive of exhibits).

41. Attached hereto as Exhibit 39 is a true and correct copy of the expert report of Exponent Inc., October 28,.2008 (exclusive of exhibits).

42. Attached hereto as Exhibit 40 is a true and correct copy of the expert report of Allison Engineering Associates, January 9, 2009 (exclusive of exhibits).

For the reasons set forth in the accompanying memorandum of Law defendant's Rule 56.1 Statement and Defendant's motion for summary judgment, the could should grant summary judgment dismissing al claims together with such other and further relief as the court shall declare just and proper.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: July 15, 2009

_____
RICHARD E. SNYDER, ESQ.
(RES 9998)