UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

EDLEY GAYLE,                                           06 CV 6956

                    Plaintiff,

        -against-

NATIONAL RAILROAD PASSENGER CORP.,
T.C. JOHNSON COMPANY, TRANSPORTATION
RESOURCES, INC., MITCHELL EQUIPMENT
CORPORATION., CRESCENT CONTRACTING,
INC., STV, INCORPORATED, HATCH MOTT
MACDONALD, INCORPORATED, STV/HMM, a Joint
Venture of STV Incorporated and Hatch Mott
MacDonald, TEREX CORPORATION, KOEHRING
CRANES, INC. d/b/a TEREX CRANES WAVERLY,
TEREX CRANES, INC., and ATLANTIC CRANE
INSPECTION SERVICES, INC.,

                    Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT STV, INC. and
STV/HMM'S MOTION FOR SUMMARY JUDGMENT.

*Of Counsel:*
    Anthony F. Tagliagambe (3961)
    Brian A. Kalman (1382) LONDON  FISCHER  LLP
                    59 MAIDEN LANE
           NEW YORK, NEW YORK 10038

{N0214-211}               (212) 972-1000

# TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................................ i, ii

TABLE OF AUTHORITIES ................................................................. iii, iv, v, iv

PRELIMINARY STATEMENT ...................................................................... 1

ARGUMENT ................................................................................................ 3

POINT I .................................................................................................... 3

THE ARGUMENTS OF OPPOSING COUNSEL ARE
BASED SOLELY ON HEARSAY AND ARE
SPECULATIVE AT BEST; CONSEQUENTLY, THE
ARGUMENTS ARE INSUFFICIENT TO DEFEAT
STV'S AND STV/HMM'S MOTION FOR SUMMARY
JUDGMENT ............................................................................................ 3

POINT II ................................................................................................... 8

OPPOSING COUNSEL'S ARGUMENTS THAT STV
AND STV/HMM WERE CONTRACTUALLY
OBLIGATED TO MONITOR CERTAIN AMTRAK
EMPLOYEES OR HAD THE ABILITY TO STOP
WORK DOES NOT IMPOSE LIABILITY ON STV OR
STV/HMM ................................................................................................ 8

POINT III ................................................................................................. 11

AT MOST STV AND STV/HMM PROVIDED THE
OCCASION FOR AMTRAK'S NEGLIGENCE ........................ 11

POINT IV ............................................................................. 13

AMTRAK'S CONTRACTUAL INDEMNIFICATION CLAIMS AGAINST STV AND STV/HMM WITH RESPECT TO THIS LAWSUIT SHOULD BE DISMISSED WITH PREJUDICE BECAUSE STV AND STV/HMM ARE FREE FROM NEGLIGENCE......................... 13

CONCLUSION ............................................................................ 16

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Brooks v. Outboard Marine Corp.,*
234 F.3d 89 ............................................................................ 8

*Brown v. Society for Seaman's Children,*
194 F.Supp.2d 182 ................................................................ 4

    *Brown,* 194 F.Supp.2d at 193 ............................................. 4

*CL Alexanders Laing and Cruickshank v. Goldfield,*
739 F.Supp. 158 .................................................................... 5

*Commercial Union Insurance Company v. Albert*
*Pipe & Supply Co., Inc.,*
484 F.Supp. 1153 .................................................................. 8

*Daubert v. Merrell Dow Pharmaceuticals, Inc.,*
509 U.S. 579, 125 L.Ed.2d 467, [113 S.Ct. 2786].............. 7

*David v. Glemby Co., Inc.,*
717 F.Supp. 162 .................................................................... 5

*Grissman v. Union Carbide Corp.,*
279 F.Supp. 413 .................................................................... 8

*Kumho Tire Co. v. Carmichael,*
526 U.S. 137, 143 L.Ed.2d 238, [119 S.Ct. 1167].............. 7

*LaBeach v. Beastric Foods Co.,*
461 F.Supp. 152 .................................................................... 5

*Moses-Ecco Co. v. Roscoe-Ajax Corp.,*
320 F.2d 685 (1963).............................................................. 14

*Quarles v. General Motors Corp.,*
758 F.2d 839 .......................................................................... 5

*Sundaram v. Brookhaven National Laboratories*,
424 F.Supp.2 ................................................................................ 5

*United States v. Sage*,
412 F.Supp.2d 406 ......................................................................... 4

*United States v. Seckinger*,
397 U.S.2  90 S.Ct. 880 [25 L.Ed.2d 224]....................................... 14

## STATE CASES

*Aragon v. 233 W.21st Street*,
201 A.D.2d 353, 607 N.Y.S.2d 642] ............................................. 10

*Buccini v. 1568 Broadway Associates*, 250 A.D.3d 400 (1st Dep't
1998)
250 A.D.2d at 469 [emphasis added]........................................... 2, 9

*Bun IL Park v. Korean Presbyterian Church of New York*,
267 A.D.2d 268, 700 N.Y.S.2d 54................................................. 12

*Comes v. New York State Electric & Gas Corp.*,
82 N.Y.2d 876, 609 N.Y.S.2d 168, [631 N.E.2d 110] ................... 9, 10

*D'Antunion v. Goodyear Tire & Rubber Co. Chemical Division*,
231 A.D.2d 955, 648 N.Y.S.2d 488] ............................................ 10

*Dennis v. City of New York*,
304 A.D.2d 611................................................................... 2, 9, 10

*District of Columbia v. Royal*,
465 A.2d 367................................................................................ 14

*Fox v. Jenny Engineering Corp.*,
122 A.D.2d 532, 533, 505 N.Y.S.2d 270 *affirmed*,
70 N.Y.2d 761, 520 N.Y.S.2d 750, 514 N.E.2d 1374 .................... 10

*Gleason v.* Gottlieb,
35 A.D.3d 355, 826 N.Y.S.2d 633 (2d Dep't 2006)........................ 9

*Harris v. Arnell Construction Corp.,*
47 A.D.3d 768, 850 N.Y.S.2d 547................................................................. 9

*Jenny Engineering Corp.,*
122 A.D.2d 532, 505 N.Y.S.2d 270 *affirmed*, 70 N.Y.2d 761,
520 N.Y.S.2d 750, 514 N.E.2d 1374] The ................................................ 10

*Katz v. Klagsbrun,*
299 A.D.2d 317, 750 N.Y.S.2d 308............................................................. 12

*Lee v. New York City Housing Authority,*
25 A.D.3d 214, 803 N.Y.S.2d 538............................................................. 12

*Loiacono v. Lehrer McGovern Bovis,*
270 A.D.2d 464.......................................................................... 2, 9, 10

*Mikcua v. Alps Mechanical, Inc.,*
34 A.D.3d 769, 825 N.Y.S.2d 130............................................................... 9

*O'Sullivan v. IDI Construction. Co., Inc.,*
28 A.D.3d 225, *affirmed* 7 N.Y.3d 805 (2006) ........................................ 2, 8

*Peay v. New York City School Construction Authority,*
35 A.D.3d 566, 827 N.Y.S.2d 189............................................................... 9

*Pironti v. Leary,*
42 A.D.3d 487, 840 N.Y.S.2d 98............................................................... 12

*Rivers & Bryan, Inc. v. HBE Corporation,*
628 A.2d 631.................................................................................. 14

*Rosenberg v. Eternal Mem'ls, Inc.,*
291 A.D.2d 391, 737 N.Y.S.2d 632........................................................... 11

*Russin v. Louis Picciano & Son,*
54 N.Y.2d 311, 445 N.Y.S.2d 127, [429 N.E.2d 805].................................... 9

*Singh v. Black Diamonds LLC.,*
24 A.D.3d 138, 805 N.Y.S.2d 58................................................................ 2

*Souffrant v. Quality Wholesale Veal Center, Inc.*,
135 A.D. 398, 521 N.Y.S.2d 696....................................................................... 12

*Williams v. Envelope Tr Corp.*,
186 A.D.2d 797, 589 N.Y.S.2d 345.................................................................... 12

## FEDERAL STATUTES

Fed. R. Civ. P. 56.......................................................................................... 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

EDLEY GAYLE,                                                    06 CV 6956

                      Plaintiff,

      -against-

NATIONAL RAILROAD PASSENGER CORP.,
T.C. JOHNSON COMPANY, TRANSPORTATION
RESOURCES, INC., MITCHELL EQUIPMENT
CORPORATION., CRESCENT CONTRACTING,
INC., STV, INCORPORATED, HATCH MOTT
MACDONALD, INCORPORATED, STV/HMM, a Joint
Venture of STV Incorporated and Hatch Mott
MacDonald, TEREX CORPORATION, KOEHRING
CRANES, INC. d/b/a TEREX CRANES WAVERLY,
TEREX CRANES, INC., and ATLANTIC CRANE
INSPECTION SERVICES, INC.,

                    Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT STV, INC. and
STV/HMM'S MOTION FOR SUMMARY JUDGMENT.


*Of Counsel:*
    Anthony F. Tagliagambe (3961)
    Brian A. Kalman (1382)

{N0214321 1 }

## PRELIMINARY STATEMENT

Defendants, STV, Incorporated ("STV") and STV/HMM, a Joint Venture ("STV/HMM") respectfully submit this Reply Memorandum of Law in further support of its motion requesting an Order pursuant to Fed. R. Civ. P. 56 that grants STV and STV/HMM summary judgment dismissing with prejudice each of the claims and cross claims asserted against them.

Plaintiff, Edley Gayle, ("Gayle") National Railroad Passenger Corp. ("Amtrak") and Crescent Contracting, Inc.   ("Crescent") are the only parties that opposed STV's and STV/HMM's motion but each of their arguments (1) lack sufficient basis in the factual record; (2) are devoid of legal merit; and (3) are insufficient to defeat STV's and STV/HMM's motion.

Gayle, Amtrak and Crescent argue that[1]:

1. The accident would have been avoided if STV or STV/HMM insured that Amtrak provided Amtrak's own employees on the Buss Breaker Project and the Standpipe Project with different radios, cellular telephones and other communication devices so that they could communicate with each other and warn the standpipe workers of the runaway crane. **However, there is no evidence in admissible form that the Buss Breaker Project workers ever attempted to contact anyone at STV or STV/HMM or anyone on the Standpipe Project. Consequently, there is no evidence in admissible form that the purported "dead zones" prevented a radio communication or telephone calls from reaching STV, STV/HMM and Gayle in the moments before the accident because no attempts were made to contact STV, STV/HMM or Gayle. To the contrary, the proof shows that Gayle  had radio communications immediately after**

---

[1]  Amtrak misplaces reliance on deposition testimony from Edley Gayle [Exhibit "G" to Ronald Joseph's Declaration, at pp. 55-60; pp. 286-289] when Amtrak argues that Ezekiel briefed all workers on the Standpipe Project of the Buss Breaker Project.  The testimony establishes that only Edley Gayle received notification and Edley Gayle never provided STV or STV/HMM with this information.  Amtrak's Counter Rule 56.1 Statement concedes that Edley Gayle was an Amtrak employee. See, Amtrak's Counter Rule 56.1 Statement at Statement 7. There is no evidence that Edley Gayle or Derek Ezekiel were STV or STV/HMM employees.  There is no evidence that Gayle, Ezekiel or any Crescent workers advised STV or STV/HMM of the Buss Breaker Project.  At most, as demonstrated below in Point II, STV and STV/HMM provided general supervision which is insufficient to charge STV or STV/HMM with negligence.

the accident.[2]  **Consequently, the proof establishes that contrary to the opposing parties' arguments there was an ability to communicate with Gayle.**

2.  The accident would have been avoided if STV and STV/HMM prevented Amtrak employee Derek Ezekiel from violating Amtrak's rules when Ezekiel left his designated post; if did not leave his post he would have observed the oncoming runaway crane and evacuated the East River Tunnels where the Standpipe Project was proceeding and Gayle would have avoided injury.  **However, there is no evidence that Ezekiel would have been able to evacuate the East River Tunnels before Amtrak's runaway crane struck the Crescent trucks in the East River Tunnels.  To the contrary, it appears from Amtrak's radio transmission log that the first radio communication regarding the runaway crane was to Penn Station Central Control is at 3:43 a.m. and the crane struck the Crescent trucks at 3:45a.m.  The opposing parties could have performed an accident reconstruction to determine whether Gayle could have evacuated the tunnels in two minutes.  No such testing was performed.  Consequently, the opposing parties are speculating that the tunnels could have been evacuated had Ezekiel not left his post or if a radio/cellular telephone transmission could have reached the Standpipe Project workers.  This speculation is insufficient to defeat STV's and STV/HMM's motion for summary judgment.**

3.  STV and STV/HMM as construction managers negligently monitored Amtrak employees Gayle and Ezekiel and that this negligence caused the accident.  **However, this purported general duty to ensure compliance with safety regulations or the authority to stop work for safety reasons, even if true, is insufficient to impose liability under common law negligence principles.**  *Singh v. Black Diamonds LLC.,* 24 A.D.3d 138, 805 N.Y.S.2d 58 (1st Dep't 2005) *O'Sullivan v. IDI Construction. Co., Inc.,* 28 A.D.3d 225, *affirmed* 7 N.Y.3d 805 (2006); *Dennis v. City of New York,* 304 A.D.2d 611 (2d Dep't 2003); *Loiacono v. Lehrer McGovern Bovis,* 270 A.D.2d 464 (2d Dep't 2000); *Buccini v. 1568 Broadway Associates,* 250 A.D.3d 400 (1st Dep't 1998).

4.  Amtrak argues that there are issues of fact regarding STV's and STV/HMM's purported duty to defend and indemnify Amtrak with respect to the Gayle lawsuit.  **However, at most STV and STV/HMM would have to indemnify Amtrak for the percentage of negligence attributed to STV and STV/HMM for the Gayle incident.  As demonstrated herein, STV and STV/HMM are free**

---

[2] *See,* Exhibit "N" to Declaration of Ronald Joseph at CVS 001030 and CVS 001031.

**from negligence and thus Amtrak's contractual indemnification claim should be dismissed with prejudice.**

The accident occurred because Amtrak lost control of a 35 ton crane that collided with the Crescent trucks. STV and STV/HMM did not operate, control, maintain, own, design, manufacture or have any nexus with the crane that injured Gayle. Amtrak concedes response to Statement 20 of Amtrak's Response to STV's and STV/HMM's Rule 56.1 Statement that "[a]lthough STV/HMM did not participate in the Buss Breaker Project. . . . " and in response to Statement 24 that "[a]lthough the Railroad Tie Project, Standpipe Project, and the Buss Breaker Project were not actually related to one another in terms of the type of work . . .". *See* National Railroad Passenger Corp.'s Rule 56.1(b) Statement in Response to Defendant STV, Inc. and STV/HMM's Rule 56.1 Statement at Response 20 and 24. For the reasons articulated in STV and STV/HMM's moving papers and the arguments set forth herein, this Court should dismiss all remaining claims against STV and STV/HMM.

## ARGUMENT

### POINT I

**THE ARGUMENTS OF OPPOSING COUNSEL ARE BASED SOLELY ON HEARSAY AND ARE SPECULATIVE AT BEST; CONSEQUENTLY, THE ARGUMENTS ARE INSUFFICIENT TO DEFEAT STV'S AND STV/HMM'S MOTION FOR SUMMARY JUDGMENT.**

**A.    Hearsay Evidence Is Insufficient To Create Issues Of Fact To Defeat Summary Judgment Motions.**

Amtrak's, Crescent's and Gayle's counsel rely upon Amtrak's radio logs [Exhibit "N" to Ronald Joseph's Declaration] for their argument that workers on the Buss Breaker Project were unable to contact workers on the Standpipe Project to warn them of Amtrak's runaway

crane.  This proof is insufficient to defeat the pending summary judgment motion because it is based upon inadmissible hearsay.

Federal Rules of Civil Procedure Rule 56(e)(1) states in pertinent part the following:

> (1) **In General** A supporting or opposing affidavit must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on matters stated.  If a paper or part of a paper is referred to in an affidavit, a sworn or certified copy must be attached to or served with the affidavit . . . .

Amtrak, Crescent and Gayle rely solely on hearsay to oppose STV's and STV/HMM's motion.  The opposing parties base their arguments on attorney statements and certain portions of Amtrak's purported radio communication logs.  However, none of the people identified in Exhibit "N" were deposed or submitted affidavits, except for Gayle whose statements in Exhibit "N" establish that communications **were working**.

The Courts have repeatedly held that a "Court cannot consider evidence on a summary judgment motion that would be inadmissible at trial."  *United States v. Sage*, 412 F.Supp.2d 406 (S.D.N.Y. 2006).  In *Brown v. Society for Seaman's Children*, 194 F.Supp.2d 182 (E.D.N.Y. 2002), the Court held that plaintiff's assertions, which were based on rumor and not first hand knowledge, were hearsay and therefore "may not be considered in opposition to defendant's well-documented motion for summary judgment."  *Brown*, 194 F.Supp.2d at 193.

This Court should not entertain Amtrak's radio logs [Exhibit "N"] when deciding STV's and STV/HMM's motion for summary judgment because the logs are inadmissible hearsay.  The only exception would be Gayle's statements which establish that the communication lines were working; the statements then become statements against Gayle's interest and hence admissible.

**B.**   **The Opposing Parties Are Relying on Mere Speculation And Conjecture, Which is Insufficient To Defeat STV's and STV/HMM's Motion For Summary Judgment.**

Parties opposing a summary judgment motion, such as Amtrak, Crescent and Gayle, may not rely upon mere speculation or conjecture to defeat a summary judgment motion. *Quarles v. General Motors Corp.*, 758 F.2d 839, 840 (2nd Cir. 1985); *CL Alexanders Laing and Cruickshank v. Goldfield*, 739 F.Supp. 158, 164 (S.D.N.Y. 1990). *David v. Glemby Co., Inc.*, 717 F.Supp. 162 (S.D.N.Y. 1989); *LaBeach v. Beastric Foods Co.*, 461 F. Supp. 152 (S.D.N.Y. 1978). "Conclusory, ipse dixit assertions will not defeat a summary judgment motion." *Sundaram v. Brookhaven National Laboratories*, 424 F Supp.2 545 (E.D.N.Y. 2006).

**1.**   **Communication Dead Zone's Did Not Cause The Accident.**

Amtrak, Crescent and Gayle each speculate that the purported inability of workers on the Buss Breaker Project to contact workers on the Standpipe Project through radios or cellular telephones in the moments leading up to the collision proximately caused the accident. The purported communication issues did not cause Amtrak to lose control of the runaway crane or prevent Amtrak from changing switches to divert the crane from heading into the East River Tunnels.

Amtrak, Crescent and Gayle argue that the purported communication issues prevented Amtrak workers on the Buss Breaker Project from warning the Standpipe Project workers of Amtrak's losing control of a 35 ton crane and Amtrak's inability to trigger a switch to divert the crane away from the Standpipe Project. There is no proof, however, that the Buss Breaker Project workers **ever** attempted to contact STV, STV/HMM or any other Standpipe Project worker before the crane impacted the trucks in the East River Tunnels. Consequently, the alleged communication dead zones are not proximate causes of the accident.

The opposing parties' arguments regarding dead zones are further undercut by communications Gayle had immediately after the accident.  The Amtrak log indicates that Gayle was able to communicate with Penn Station Control Center moments <u>after</u> the accident.  *See*, Exhibit "N" to the Declaration of Ronald Joseph dated October 2, 2009 at bate stamped number CVS 001030-CVS 001031.  Consequently, Amtrak, Crescent and Gayle speculate that a dead zone was responsible for  not receiving these purported telephone calls.  This speculation is insufficient to defeat STV's and STV/HMM's summary judgment motion.

2.   **Amtrak, Crescent and Gayle Speculate That The Standpipe Project Workers Could Have Evacuated The East River Tunnels Within Two Minutes And Avoided Injury.**

Assuming *in arguendo* that radio communications did not work sufficiently to allow the Buss Breaker Project workers to communicate with the Standpipe Project Workers, opposing counsel speculate that Gayle could have evacuated the East River Tunnels within 2 minutes: the time that Amtrak's logs indicate that the first call was made regarding Amtrak's runaway crane [3:43a.m.] and when the Amtrak log indicates the impact occurred [3:45a.m.]. [Exhibit "N" to the Declaration of Ronald Joseph]   There is absolutely no proof-through an accident reconstruction expert or otherwise-that Gayle would have **safely** evacuated the East River Tunnel within 2 minutes.   Consequently, whether the radio and cellular telephone communications worked or whether Ezekiel left violated Amtrak's rules by leaving his post is of no consequence because there is no proof that Gayle could have safely evacuated within 2 minutes.

The arguments that Amtrak's, Crescent's and Gayle's attorneys present are nothing more than a defacto attorney affidavit or affirmation; the attorneys were not present at the accident site and do not have personal knowledge of the accident or the events leading up to the accident.  There are no expert affidavits through opining that Gayle would have successfully and safely evacuated the East River Tunnels and avoided Amtrak's runaway crane.  There is no expert proof that radio communications and watch towers would have allowed Gayle to successfully and safely evacuate the East River Tunnels.  There is no testing or reliability to the speculative arguments of opposing counsel. *See e.g., Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579, 125 L.Ed.2d 467, 113 S. Ct. 2786 (1993); *Kumho Tire Co. v. Carmichael,*

526 U.S. 137, 143 L.Ed.2d 238, 119 S. Ct. 1167 (1999); and *Brooks v. Outboard Marine Corp.*, 234 F.3d 89 (2d Cir. 2000).

Attorney affidavits or affirmations that lack personal knowledge, however, "have no probative value for purposes of summary judgment." *Grissman v. Union Carbide Corp.*, 279 F.Supp. 413 (S.D.N.Y. 1967); *Commercial Union Insurance Company v. Albert Pipe & Supply Co., Inc.* 484 F.Supp. 1153 (S.D.N.Y. 1980). Amtrak, Crescent and Gayle offer, in essence, nothing more than attorney affirmations in their collective effort to speculate that Gayle would have been able to successfully and safely evacuate the tunnels if the radio and cellular telephone service worked properly at the time of the accident.[3] This speculation is insufficient to defeat STV's and STV/HMM's motion for summary judgment.

### POINT II

### OPPOSING COUNSEL'S ARGUMENTS THAT STV AND STV/HMM WERE CONTRACTUALLY OBLIGATED TO MONITOR CERTAIN AMTRAK EMPLOYEES OR HAD THE ABILITY TO STOP WORK DOES NOT IMPOSE LIABILITY ON STV OR STV/HMM.

The Court of Appeals has consistently held that where the alleged defect or dangerous condition arises from the contractor's methods [in this case Amtrak's use of the crane on the Buss Breaker Project and Amtrak's distribution of radios and cellular telephones to its employees] and the construction manager exercises no supervisory control over the operation, [in this case STV and STV/HMM did not operate the crane or issue the radios and cellular telephones] no liability attaches under common-law negligence, **even if** the STV and STV/HMM had the authority to supervise worksite safety or stop work if unsafe work practices were observed. *O'Sullivan v. IDI Construction. Co., Inc.*, 28 A.D.3d 225, *affirmed* 7 N.Y.3d 805

(2006); *Dennis v. City of New York*, 304 A.D.2d 611 (2d Dep't 2003); *Loiacono v. Lehrer McGovern Bovis*, 270 A.D.2d 464 (2d Dep't 2000); *Buccini v. 1568 Broadway Associates*, 250 A.D.3d 400 (1st Dep't 1998).

In applying the rules stated in *Comes v. New York State Electric & Gas Corp.*, 82 N.Y.2d 876, 877, 609 N.Y.S.2d 168, 631 N.E.2d 110 (1993) and *Russin v. Louis Picciano & Son*, 54 N.Y.2d 311, 445 N.Y.2d 127, 429 N.E.2d 805 (1981), the Courts of this state have consistently held that where the alleged defect and/or dangerous condition arises from the contractor's methods [in this case Amtrak's use of the crane and distribution of the communication devices], and the construction manager [STV and STV/HMM] exercises no-supervisory control over the operation [of the crane and communication distribution], no liability attaches under the common law. This is even if the construction manager had the authority to supervise work site safety or stop the work at unsafe work if practices are observed. In order to prevail on a claim against a contractor for failure to provide a safe place to work, the plaintiff must prove that the party charged had <u>executed the authority and control over the activity causing the injury [in this case operation of the crane and distribution of allegedly defective communication devices]</u>. *Harris v. Arnell Construction Corp.*, 47 A.D.3d 768, 850 N.Y.S.2d 547 (2d Dep't 2008); *Peay v. New York City School Construction* Authority, 35 A.D.3d 566, 827 N.Y.S.2d 189 (2d Dep't 2006); *Gleason v.* Gottlieb, 35 A.D.3d 355, 826 N.Y.S.2d 633 (2d Dep't 2006); *Mikcua v. Alps Mechanical, Inc.*, 34 A.D.3d 769, 825 N.Y.S.2d 130 (2d Dep't 2006).

For example, the Appellate Division in *Buccini* held that:

> A construction manager [in this case an owner and/or general contractor] whose "duties [are] limited to observing the work and reporting to the contract safety violations by the employees" does not thereby become liable to the

---

[3] This assumes, of course, that the cellular telephone service and radio signals were not operative at the time of the accident.

> contractor's employee when the latter is injured by a
> dangerous condition arising from the contractor's negligent
> methods.[ *Comes v. NY State Elec. & Gas Co.*, 82 N.Y.2d
> 876, 877, 609 N.Y.S.2d 168, 631 N.E.2d 110] <u>The
> construction manager's [ in this case the owner and/or
> general contractor] authority to stop the contractor's work,
> if the manager notices a safety violation, does not give the
> manager a duty to protect the contractor's employees.</u> [*Fox
> v. Jenny Engineering Corp.*, 122 A.D.2d 532, 533, 505
> N.Y.S.2d 270 *affirmed*, 70 N.Y.2d 761, 520 N.Y.S.2d 750,
> 514 N.E.2d 1374] The general duty to supervise the work
> and ensure compliance with safety regulations does not
> amount to supervision and control of the work site such that
> the supervisory entity would be liable for the negligence of
> the contractor who performs the day-to-day operations.
> [*D'Antunion v. Goodyear Tire & Rubber Co. Chemical
> Division*, 231 A.D.2d 955, 648 N.Y.S.2d 488] By the same
> token, "the fact that [the owner] may have dispatched
> persons to observe the progress and method of the work
> does not render it actively negligent." [*Aragon v. 233
> W.21st Street*, 201 A.D.2d 353, 354, 607 N.Y.S.2d 642]

*Buccini*, 250 A.D.2d at 469 [emphasis added]

This appellate courts have consistently dismissed claims against contractors under similar circumstances. In *Dennis v. City of New York*, 304 A.D.2d 611 (2d Dep't 2003), the Court held that a contractor retaining the right to generally supervise work, to stop the contractor's work if a safety violation is noted, or to ensure compliance with safety regulations, does not amount to the supervision and control of the work site necessary to impose liability on an owner or general contractor pursuant to common-law negligence.

In *Loiacano v. Lehere McGovern Bovis, Inc.*, 270 A.D.2d 464 (2d Dep't 2000) although the general contractor coordinated the contractors at the site, told the contractors where to work on a given day and had the authority to review safety on the site, the Second Department held that this conduct did not rise to the level of supervision or control necessary to hold the general contractor liable for plaintiff's injuries pursuant to common-law negligence.

In the case at bar, the evidence in admissible form establishes that STV and STV/HMM had no role with respect to how Amtrak operated the crane or how Amtrak distributed communication devices. Consequently, plaintiff's negligence claim should be dismissed with prejudice. *See Rosenberg v. Eternal Mem'ls, Inc.,* 291 A.D.2d 391, 737 N.Y.S.2d 632 (2nd Dep't. 2002)

## POINT III

### AT MOST STV AND STV/HMM PROVIDED THE OCCASION FOR AMTRAK'S NEGLIGENCE.

The Courts for the State of New York have consistently held that a party like STV or STV/HMM cannot as a matter of law be held liable for an accident for merely supplying the occasion where the accident occurred. Plaintiffs and co-defendants, according to their pre-motion conference submissions, somehow fabricate some notion that STV and STV/HMM were responsible for Amtrak issued radios. At most, plaintiffs' and co-defendants' contentions amount to STV and STV/HMM allowing Amtrak to have dead communication zones on the Standpipe Project. Even if true, which STV and STV/HMM deny, STV and STV/HMM would have merely furnished the occasion for Amtrak's and the product liability defendants' negligence that consisted of (1) failing to advise STV and STV/HMM notice of the Buss Breaker Project; (2) Amtrak's employee losing control of a multi-ton crane; (3) Amtrak's failure to execute a track switch to prevent Amtrak's run away crane from striking the Standpipe Project workers; (4) failing to properly coordinate the three projects working on Amtrak's property; (5) failing to provide communication between the three concurrently proceeding Amtrak projects; and failing to properly design a crane and high rail system. STV's or STV/HMM's alleged negligent act and/or omission of allowing Amtrak to have dead cellular telephone service in the East River Tunnels did not contribute to causing the accident. There is no evidence in admissible form that

STV and STV/HMM caused Amtrak to lose control of the multi-ton crane; Amtrak to fail to execute track switches to prevent Amtrak's runaway crane from striking the Standpipe Project workers; or Amtrak's failure to properly coordinate the three projects on Amtrak's property.

The precedent of this jurisdiction clearly holds that a defendant cannot be found liable for a plaintiff's injuries where it "merely furnished the condition or occasion for the occurrence of the event rather than [being] one of its causes". *See, Souffrant v. Quality Wholesale Veal Center, Inc.*, 135 A.D. 398, 521 N.Y.S.2d 696 (1st Dep't 1987). . *Pironti v. Leary* 42 A.D.3d 487, 840 N.Y.S.2d 98 (2d Dep't 2007); *Katz v. Klagsbrun*, 299 A.D.2d 317, 318, 750 N.Y.S.2d 308 (2d Dep't 2002); *Williams v. Envelope Tr Corp.*, 186 A.D.2d 797, 798, 589 N.Y.S.2d 345 (2d Dep't 1992); *Bun IL Park v. Korean Presbyterian Church of New York*, 267 A.D.2d 268, 700 N.Y.S.2d 54 (2d Dep't 1999)

Amtrak tries, albeit unsuccessfully to distinguish *Bun IL Park*, and *Ortiz*, **but did not attempt to distinguish *Katz* or *Lee*.** The reason for Amtrak's omission is simple: *Lee* and *Katz* are indistinguishable.

In *Katz v. Klagsburn*, 299 A.D.2d 317, 750 N.Y.S.2d 308 (2d Dep't 2002) defendant motorist stopped his vehicle in the right travel lane of a roadway. Another vehicle stopped safely next to the stopped car but a third car struck both vehicles. The Appellate Division reversed the trial court and held that "[c]learly the accident was caused by the driver of this third vehicle, who for some negligent or non-negligent reason failed to stop in time, and not by the appellant's car, the presence of which merely furnished the occasion for the accident. Where a party merely furnishes the occasion for an accident, but does not cause it, liability may not be imposed against him or her." *Katz*, 299 A.D.2d 317, 750 N.Y.S.2d at 309.

In *Lee v. New York City Housing Authority*, 25 A.D.3d 214, 803 N.Y.S.2d 538 (1st

Dep't 2005) a 15 year old plaintiff was playing baseball at a baseball field when his baseball rolled through a hole in a fence. The plaintiff left the confines of the baseball field to retrieve the ball the eventually rolled into the roadway. A motor vehicle operator struck plaintiff with his vehicle. The Appellate Division reversed the trial court decision and held that the hole in the fence was not the proximate cause of the accident; the proximate cause of the accident was the motor vehicle operator striking the plaintiff.

Assuming plaintiffs' and co-defendants' allegations are true regarding radio communications, (STV and STV/HMM deny each allegation against it), then they merely furnished the occasion for Amtrak losing control of a multi-ton crane on another project that rolled a mile west onto the Standpipe Project. Like the plaintiffs who were dismissed from the above cited cases, Amtrak, not STV or STV/HMM, allowed the crane to roll out of control and Amtrak, not STV or STV/HMM, allowed allegedly poor cellular telephone service to exist in the East River Tunnels. Consequently, Amtrak, not STV or STV/HMM were negligent.

Given the totality of the circumstances herein, it would be unreasonable to hold that STV and STV/HMM owed a duty to the plaintiff for this accident. Without the first element of negligence, plaintiff's claims against STV and STV/HMM should be dismissed as a matter of law.

### POINT IV

### AMTRAK'S CONTRACTUAL INDEMNIFICATION CLAIMS AGAINST STV AND STV/HMM WITH RESPECT TO THIS LAWSUIT SHOULD BE DISMISSED WITH PREJUDICE BECAUSE STV AND STV/HMM ARE FREE FROM NEGLIGENCE.[4]

---

[4] This should already be a moot issue because this Court already held that Crescent owes Amtrak a defense and indemnity with respect to this case. *See*, Order annexed to the Affidavit of Brian A. Kalman dated October 22, 2009 as Exhibit "A". Amtrak's argument with respect to a defense and indemnity with respect to this lawsuit appears to be an attempt to "double dip" and seek a recovery for something Amtrak has already recovered.

Amtrak is not entitled to indemnification from STV and STV/HMM with respect to Amtrak's own negligence. Indemnification agreements purporting to indemnify an indemnitee for the indemnitee's own negligence are unenforceable unless the provision expressly and clearly obligates an indemnitor to indemnify an indemnitee for the indemnitee's own negligence. *Rivers & Bryan, Inc. v. HBE Corporation*, 628 A.2d 631 (D.C. 1993); *District of Columbia v. Royal*, 465 A.2d 367, 368, 369 (D.C. 1983). The trial court must be "firmly convinced that such an interpretation reflects the intention of the parties. . .[and] such an intention should be plainly evidenced from the face of the contract." *United States v. Seckinger,* 397 U.S.2 203, 211, 90 S.Ct. 880, 885, 25 L.Ed.2d 224 (1972). **The first step is therefore to determine what a reasonable person in the position of the parties would have thought about the disputed language."** *Intercount Construction Corp.*, 443 A.2d 29, 32 (D.C. 1982) (emphasis added). The intent must "plainly appear from the agreement." *Moses-Ecco Co. v. Roscoe-Ajax Corp.*, 320 F.2d 685 (1963). "Indemnity agreements in which innocent indemnitor agrees to indemnify an indemnitee are **narrowly construed by courts so as not to read into them any obligations which parties never intended to assume**." *American Building Maintenance Company v. L'Enfant Plaza Properties, Inc.*, 655 A.2d 858, 861. (emphasis added). "The rule of strict construction applies with particular force where a party is seeking indemnification for costs incurred as a result of its own negligent acts or omissions." *Id.* "**Thus, if the alleged intention to provide this type of protection for the indemnitee is at all ambiguous, this standard is not satisfied."** *Rivers & Bryan*, 628 A.2d at 635 (emphasis added).

The indemnification provision that this Court held obligates STV and STV/HMM to indemnify Amtrak for its own negligence is **limited** to those claims that are made by STV and

STV/HMM employees.  *See*, Exhibit "A".  *See also*, Standpipe Contract at ¶35B.  Standpipe Contract is annexed to the Affidavit of Brian A. Kalman dated July 15, 2009 as Exhibit "F". Gayle, however, is not a STV or STV/HMM employee.  Consequently, ¶35B is inapplicable.

Gayle testified that he was continuously employed by Amtrak from 1983 through after the accident.  *See,* Deposition transcript of Edley Gayle at pp. 14-17; pp. 25-26.  Annexed to the Affidavit of Brian A. Kalman dated October 22, 2009 as Exhibit "B" is a copy of the relevant portions of the deposition transcript.  Amtrak's opposing papers do not even attempt to argue that Gayle was STV's or STV/HMM's special employee.  The reason for Amtrak's omission is simple:  Gayle was not STV's or STV/HMM's special employee.  Consequently, STV and STV/HMM are not obligated to indemnify Amtrak for Amtrak's own negligence.

STV and STV/HMM at most are obligated to indemnify Amtrak for STV and STV/HMM's own negligence to the extent any exists.  However, as demonstrated above, STV and STV/HHM are free from negligence.  Consequently, Amtrak's contractual indemnification claims with respect to his lawsuit should be dismissed with prejudice.

## CONCLUSION

Based upon the foregoing, it is respectfully requested that the Court grant STV and STV/HMM's motion for summary judgment with prejudice together with such other and further relief as this Honorable Court deems just and proper.

Dated: New York, New York
October 21, 2009

Respectfully submitted,

LONDON FISCHER LLP

By: _____

Brian A. Kalman (1382)
Attorneys for Defendants
STV, Incorporated and STV/HMM A Joint Venture
59 Maiden Lane
New York, New York 10038
(212) 972-1000

<u>AFFIDAVIT OF SERVICE BY FEDERAL EXPRESS</u>

STATE OF NEW YORK       )
                               : ss.:

COUNTY OF NEW YORK     )

          WENDY BLOOM-ROMAGNUOLO, being duly sworn, deposes and says that deponent is not a party to the action, is over 18 years of age and resides in Richmond County, New York. That on October 22, 2009, deponent served the within REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDNAT STV, INC. AND STV/HMM'S MOTION FOR SUMMARY JUDGMENT upon:

| | |
|---|---|
| Marc T.Wietzke, Esq.<br>LAW OFFICES OF MICHAEL FLYNN, P.C.<br>Attorneys for Plaintiffs<br>ADORNETTI and VITALE<br>1205 Franklin Avenue, Suite 250<br>Garden City, New York  11530<br>Tele: (516) 877-1234<br>Fax:  (516) 877-1177 | GALLAGHER, WALKER, BIANCO<br>& PLASTARAS, ESQS.<br>Attorneys for Defendants<br>TEREX CORP., KOEHRING CRANES, INC.<br>d/b/a TEREX CRANES, INC. and TEREX<br>CRANES-WAVERLY OPERATIONS<br>98 Willis Avenue<br>Mineola, New York  11501<br>(516) 248-2002 |
| Ronald E. Joseph, Esq.<br>LANDMAN CORSI BALLAINE & FORD<br>P.C.<br>Attorneys for Defendant/Third-Party Plaintiff<br>AMTRAK<br>120 Broadway, 27th Floor<br>New York, New York  10271<br>(212) 238-4800 | McELDREW & FULLAM, P.C.<br>Attorneys for Plaintiff<br>EDLEY GAYLE<br>1717 Arch Street, Suite 4040<br>Philadelphia, PA  19103<br>(215) 563-8300 (T)<br>(215) 563-6130 (F) |
| Robert D. Ely, Esq.<br>MELITO & ADOLFSEN, P.C.<br>Attorneys for Third-Party Defendant<br>HATCH MOTT MacDONALD LLC<br>233 Broadway<br>New York, New York  10279<br>(212) 238-8900 | Eugene T. Boulé, Esq.<br>WILSON ELSER MOSKOWITZ EDELMAN<br>& DICKER, LLP<br>Attorneys for Defendant/Third-Party<br>Defendant MITCHELL EQUIPMENT<br>CORPORATION<br>150 East 42nd Street<br>New York, New York 10017<br>(212) 490-3000 |

{N0006133.1 }

Scott L. Haworth
SEDGWICK, DETERT, MORAN AND
ARNOLD LLP
Attorneys for Defendant
TRANSPORTATION RESOURCES, INC.
125 Broad Street, 38th Floor
New York, New York  10004
(212) 422-0202

William Matlin, Esq.
HOFFMAN & ROTH
Attorneys for Third-Party Defendant
CRESCENT CONTRACTING, INC.
325 Broadway, Suite 502
New York, New York  10007
(212) 964-1890

Richard Snyder
MORGAN MELHUISH  ABRUTYN
Attorneys for Defendant
ATLANTIC CRANE INSPECTION
SERVICES, INC.
39 Broadway, 35th Floor
New York, NY 10006
Tel:  212-809-1111
Fax: 212-509-3422

the attorneys for the respective parties in this action, at the above address(es) designated by said attorneys for that purpose by depositing the above-referenced papers in a properly addressed wrapper into the custody of the overnight delivery service, Federal Express, for overnight delivery.

_____
WENDY BLOOM-ROMAGNUOLO

Sworn to before me this
22nd  day of October, 2009

_____
Notary Public

INGRID QUAMINA
Notary Public, State of New York
No. 01QU6126260
Qualified in Kings County
Commission Expires May 2, 20 13

{N0006133.1 }